UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CLAUSEN LAW FIRM, PLLC, on behalf of itself and all others similarly situated ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL ACADEMY OF CONTINUING ) <br> LEGAL EDUCATION ) <br> ) <br> Defendant. ) | No. 2:10-cv-01023 <br><br> NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT |

TO:   The Honorable Judges of the United States District Court for the Western District of Washington at Seattle

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, defendant National Academy of Continuing Legal Education hereby removes the above-captioned action from the Superior Court of Washington for King County to this Court on diversity of citizenship and the Class Action Fairness Act.  The following statement is submitted in accordance with 28 U.S.C. § 1446:

## I. BACKGROUND

1.   Defendant National Academy of Continuing Legal Education ("NACLE") is a New York corporation with its principal place of business in West Hampstead, New York.

2.   Plaintiff The Clausen Law Firm, PLLC ("Clausen") is a Washington Professional Limited Liability Company.  Clausen commenced this action individually and as

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

999999.0040/1859107.1

class representative of a putative class of similarly situated persons and entities against the NACLE in the Superior Court of Washington for King County. Plaintiff's Complaint for Injunctive Relief and Incidental Damages Arising out of Transmission of Unsolicited Faxes was served on the Defendant's President, Guy Tsadik, on May 21, 2010. Declaration of Erin M. Garvey ("Garvey Decl."), ¶ 2. Plaintiff's Complaint was filed with the King County Superior Court on June 21, 2010, and is now pending as Cause No. 10-2-21857-2 SEA. Garvey Decl., ¶ 3. Plaintiff's Complaint purports to assert claims against NACLE for violations of 47 U.S.C. §227 *et. seq.*, RCW 80.36.540, RCW 19.86.020 (the Washington Consumer Protection Act, "CPA"), and RCW 7.24.010. Plaintiff alleges the purported class is so numerous that joinder of all members is impracticable. A true and correct copy of the Summons and Complaint is attached to the Garvey Decl. as Exhibit A.

## II. STATUTORY REQUIREMENTS—CLASS ACTION FAIRNESS ACT

3. In 2005, Congress enacted the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), in response to a concern that, "[o]ver the last decade, there have been abuses of the class action device that have ... harmed class members with legitimate claims and defendants that have acted responsibly ... and undermined public respect for our judicial system." Pub.L. 109-2, § 2(a)(2). Congress recognized that these abuses "undermine the National judicial system, the free flow of interstate commerce, and the concept of diversity jurisdiction as intended by the framers of the United States Constitution, in that State and local courts are keeping cases of national importance out of Federal court; [and] sometimes acting in ways that demonstrate bias against out-of-state defendants; ..." *Id.*, §2(a)(4).

4. CAFA was intended to help correct these abuses by "restor[ing] the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub.L. 109-2, § 2(b)(2). Accordingly, under CAFA, district courts "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT - 2

999999.0040/1859107.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

interests and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant … ." For purposes of determining whether the amount in controversy requirement is met, "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

5. Although Defendant denies that Plaintiff will ever be able to satisfy the standards for class certification, the King County Action satisfies CAFA's jurisdictional requirements. To begin, the King County Action satisfies the minimum diversity required by CAFA. Plaintiff, upon information and belief, is a citizen of Washington. By contrast, the NACLE is a citizen of New York. Accordingly, at least one member of the proposed class is a citizen of a state different than the Defendant.

6. Plaintiff's Complaint does not allege a total aggregate sum or value for all claims asserted by Plaintiff on behalf of itself and all putative class members. However, based on the allegations of the Complaint, including the specific claims asserted by Plaintiff, Defendant has a good-faith belief that the matter in controversy exceeds the sum or value of $5,000,000, and thus satisfies 28 U.S.C. § 1332(d)(2). Defendant's belief that the matter in controversy exceeds the sum or value of $5,000,000 is based on the following:

    a. Plaintiff's proposed class presumably covers a class period commensurate with the statute of limitations for CPA claims (from November of 2009, when the call alleged in the Complaint took place) and alleges upon information and belief that the Class is so numerous that joinder is impracticable. *See* Complaint at ¶¶ 10, 18.

    b. The Defendant sent more than 4,000 facsimiles to recipients who consented to receiving them in the four years prior to 2009. Declaration of Guy Tsadik, ¶ 5.

    c. Plaintiff contends that Defendant's alleged violations of the CPA caused Plaintiff and all other similarly situated members of the putative class incidental

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT - 3

999999.0040/1859107.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

statutory damages of $500 per fax that should be trebled, along with costs of suit and attorneys fees. Complaint, ¶¶ 25, G.

      d.    Under Washington law, if Plaintiff were to prevail, the CPA permits an award of treble damages of up to $10,000 to Plaintiff, as well as all represented class members who suffered actual damages. *See Smith v. Behr Process Corp.*, 113 Wn. App. 306, 345-46, 54 P.3d 665 (2002).

      e.    While Defendant vehemently denies that it violated the CPA, and specifically denies the claims made by Plaintiff will satisfy the requirements of Rule 23 or that any putative class member is entitled to recover monetary or statutory damages in any amount, based on Plaintiff's allegation that each putative class member is entitled to $1,500 per facsimile it received, and given that Defendant sent over 4,000 facsimiles, Defendant has a good-faith basis to believe that the amount in controversy exceeds CAFA's $5,000,000 requirement. *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.").

### III. NO CAFA EXCEPTIONS APPLY

7.    Although Defendant denies that it is its burden to show that CAFA's exceptions to jurisdiction apply, none do. As discussed above, Plaintiff is a resident of Washington but Defendant is not a Washington resident. Plaintiff has not limited class membership to Washington residents. Based on the Plaintiff's Complaint, Defendant has a good faith belief that the exceptions set forth in 28 U.S.C. § 1332(d)(3) do not apply.

8.    Next, the "home-state" exceptions set forth in 28 U.S.C. § 1332(d)(4)(A) & (B) do not apply. Section 1332(d)(4)(A) applies where two-thirds of the members of the proposed class share citizenship with at least one defendant (a) "from whom significant relief is sought," (b) "whose alleged conduct forms a significant basis for the claims asserted by the

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

999999.0040/1859107.1

plaintiff class," and (c) "who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Likewise, Section 1332(d)(4)(B) applies where two-thirds of the members of the proposed class and all the "primary defendants" are citizens of the forum state. 28 U.S.C. § 1332(d)(4)(B).

## IV. PROCEDURAL REQUIREMENTS

9. This Notice of Removal is timely filed within thirty (30) days from the date on which the Summons and Complaint were served and removable pursuant to 28 U.S.C. § 1446(b).

10. This Court is the United States District Court for the district and division within which plaintiff's action is pending. *See* 28 U.S.C. § 1441(a).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a). The claims asserted in the Complaint arose in this district, and Defendant does business in this district.

Therefore, Defendant gives notice that Cause No. 10-2-21857-2 SEA has been removed from King County Superior Court to this Court.

DATED this 21st day of June, 2010.

LANE POWELL PC

By _____
Grant S. Degginger, WSBA No. 15261
Barbara J. Duffy, WSBA No. 18885
Erin M. Garvey, WSBA No, 42454
Attorneys for Defendant National Association of Continuing Legal Education

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

999999.0040/1859107.1

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 21st day of June, 2010, I caused to be delivered via electronic mail a copy of the foregoing document to the following counsel:

Kim Williams
Rob Williamson
Williamson & Williams
187 Parfitt Way SW #250
Bainbridge Island, WA  98110

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

Signed at Seattle, Washington, this 21st day of June, 2010.

_____
J. Wiley

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

999999.0040/1859107.1