1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  THE CLAUSEN LAW FIRM, PLLC, on )
   behalf of itself and all others similarly situated )
10                                                    )   No. 2:10-cv-01023
                            Plaintiff,                )
11                                                    )   DECLARATION OF ERIN M.
       v.                                             )   GARVEY IN SUPPORT OF
12                                                    )   DEFENDANT'S MOTION FOR
    NATIONAL ACADEMY OF CONTINUING )                      REMOVAL
13  LEGAL EDUCATION                                   )
                                                      )
14                          Defendant.                )
    _____ )

15
    ERIN M. GARVEY declares as follows:
16
          1.      I am a citizen of the United States of America, am over the age of 18 years,
17
    and am competent to make this declaration based upon my personal knowledge and to
18
    identify the exhibits attached hereto. I am an attorney at Lane Powell PC, which represents
19
    Defendant National Academy of Continuing Legal Education.
20
          2.      On May 21, 2010, Plaintiff The Clausen Law Firm PLLC served Guy Tsadik,
21
    the President of the National Academy of Continuing Legal Education, with the Summons
22
    and Class Action Complaint for Injunctive Relief and Incidental Damages Arising out of
23
    Transmission of Unsolicited Faxes. The Summons and Complaint are attached hereto as
24
    Exhibit A.
25
26

DECLARATION OF ERIN M. GARVEY IN SUPPORT
OF DEFENDANT'S MOTION FOR REMOVAL - 1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1      3.      On June 21, 2010, Defendant filed the Summons and Complaint in King

2  County Superior Court.

4       I declare under penalty of perjury under the laws of the United States and the State of

5  Washington that the foregoing is true and correct.

7       DATED this 21st day of June, 2010.

8  *Erin M. Garvey*
    Erin M. Garvey

DECLARATION OF ERIN M. GARVEY IN SUPPORT
OF DEFENDANT'S MOTION FOR REMOVAL - 2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

999999.0040/1859205.1

00002

# EXHIBIT A

00003

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

THE CLAUSEN LAW FIRM, PLLC, on
behalf of itself and all others similarly situated,

Plaintiff,

v.

NATIONAL ACADEMY OF CONTINUING
LEGAL EDUCATION,

Defendant.

**CLASS ACTION**

No.  10-2-21857-2 SEA

SUMMONS

TO: DEFENDANT NATIONAL ACADEMY OF CONTINUING LEGAL EDUCATION:

A lawsuit has been started against you in the above-entitled Court by the

Plaintiff.  Plaintiff's claims are stated in the written Complaint, a copy of which is served

upon you with this Summons.

In order to defend against the lawsuit, you must respond to the Complaint by

stating your defense in writing, and serve a copy upon the undersigned attorney for the

Plaintiff within twenty (20) days after the service of this Summons, or within sixty (60)

days if this Summons was served outside the State of Washington, excluding the day of

service, or a default judgment may be entered against you without notice.  A default

SUMMONS - 1

**WILLIAMSON
& WILLIAMS**

187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

00004

judgment is one where the Plaintiff is entitled to what has been asked for because you have not responded.  If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 5th day of May, 2010.

WILLIAMSON & WILLIAMS

By: _____
Rob Williamson, WSBA #11387
Kim Williams, WSBA # 9077

*Attorneys for Plaintiff and the Proposed Classes*

SUMMONS - 2



187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

THE CLAUSEN LAW FIRM, PLLC, on
behalf of itself and all others similarly situated,

                                    Plaintiff,

    v.

NATIONAL ACADEMY OF CONTINUING
LEGAL EDUCATION,

                                    Defendant.

CLASS ACTION

No. 10-2-21857-2 SEA

CLASS ACTION COMPLAINT FOR
INJUNCTIVE RELIEF AND INCIDENTAL
DAMAGES ARISING OUT OF
TRANSMISSION OF UNSOLICITED
FAXES

Plaintiff brings this action in its individual capacity and on behalf of two Classes

defined below, and for its Complaint alleges as follows:

**NATURE OF ACTION**

1.      This is a proposed class action brought on behalf of persons and/or businesses

that received an unsolicited advertisement on their telephone facsimile machine from the

Defendant.

2.      Plaintiff alleges that Defendant's use of a telephone facsimile machine,

computer, or other device to send an unsolicited advertisement to a telephone facsimile

machine violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §

227, and the Washington Unsolicited Telefacsimile statute, ("Washington Unsolicited Fax

Law"), RCW 80.36.540.  Moreover, a violation of the Washington Unsolicited Fax Law

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
INCIDENTAL DAMAGES ARISING OUT OF TRANSMISSION
OF UNSOLICITED FAXES- 1



WILLIAMSON
& WILLIAMS

187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

00006

constitutes a *per se* violation of the Washington Consumer Protection Act ("WCPA"), RCW 19.86.

## THE PARTIES

3.     Plaintiff, The Clausen Law Firm, PLLC, is a professional limited liability corporation and a law firm located in Seattle, King County, Washington.  Plaintiff has received an unsolicited fax sent by or at the direction of Defendant.

4.     On information and belief, Defendant National Academy of Continuing Legal Education, is a New York business with its principal offices in West Hempstead, New York. On information and belief, said Defendant has sent unsolicited faxes into King County, Washington, and by virtue of the facts alleged herein does business in King County, Washington.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action because Defendant transacted business within the State of Washington at all times relevant hereto; initiated contact soliciting business in the State of Washington; had continuous and systematic contact with the State of Washington; and committed tortuous acts within the State of Washington.

6.     On information and belief, venue is proper in King County Superior Court because Defendant conducted business in this county by sending unsolicited faxes to Washington business addresses in King County, Washington.

## FACTUAL ALLEGATIONS

7.     In March, 2004, the independent Consumer Union published the results of its investigation, finding that consumers are "suffering a junk-fax plague."  Despite the Federal Communications Commission's issuance of hundreds of citations against companies for

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
INCIDENTAL DAMAGES ARISING OUT OF TRANSMISSION
OF UNSOLICITED FAXES- 2



sending unwanted faxes, the plague continues.  Consumer Union recommends the filing of complaints with the state attorney general's office. "Jay Nixon, Missouri's attorney general, says the answer is to continue filing lawsuits until violators find faxing too costly. 'Until the remedies exceed their profits, my sense is that they will keep pushing,' he said."

8.      Plaintiff The Clausen Law Firm, PLLC operates a law firm in Seattle, Washington and receives a large quantity of unsolicited advertisements by facsimile that are a drain on its business.

9.      Defendant solicits lawyers and law firms to purchase continuing legal education materials in CD-ROM, Audio CD and Audio Cassette formats, and other goods and services.

10.      On November 6, 2009, Plaintiff received an unsolicited fax from Defendant. A copy of this fax is attached hereto as Exhibit A.  Said fax is unlawful under federal law, the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq.*, and Washington law, RCW 80.36.540 ("Washington Unsolicited Fax Law").

11.      Plaintiff has never engaged in any voluntary two-way communication with Defendant regarding the purchase of goods or services.

12.      Defendant knew or should have known that it did not have the prior express invitation or permission of Plaintiff or any other member of the Classes to send the advertisements, and knew or should have known that its actions constitute a violation of law.

13.      As a result of Defendant's conduct, Plaintiff and members of the Classes suffered property damage in the form of the cost of their own paper and ink required to print Defendant's advertisement, as well as loss of use of their facsimile machine resulting in potential lost business due to their facsimile telephone line being engaged preventing the

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
INCIDENTAL DAMAGES ARISING OUT OF TRANSMISSION
OF UNSOLICITED FAXES- 3

**WILLIAMSON & WILLIAMS**
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.wtwlaw.com

receipt of genuine business opportunities from other potential customers.

14.   The written publication and facsimile transmission of Defendant's advertising material caused Plaintiff and members of the Classes to suffer a violation of their right to privacy.

## CLASS ACTION ALLEGATIONS

15.   This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3).  Plaintiff seeks to represent a National Class comprised of:

> All persons and entities who received an unsolicited advertisement from Defendant in a form substantially similar to Exhibit A.

16.   Plaintiff and members of the National Class were recipients of unsolicited facsimiles in violation of the TCPA.

17.   Plaintiff also brings this action on behalf of a Class comprised of Washington State residents comprised of:

> All persons and entities in Washington State who received an unsolicited advertisement from Defendant in a form substantially similar to Exhibit A.

18.   Plaintiff and members of the Washington Class were recipients of unsolicited facsimiles in violation of the Washington Unsolicited Fax Law, and the WCPA.

19.   This action is properly brought as a class action under CR 23(b)(2), and (b)(3) for the following reasons:

> a.   Upon information and belief, Plaintiff alleges that Defendant contacted numerous persons and businesses with the fax.  Therefore, the National and Washington Classes consist of numerous members so that joinder of all members is impracticable.  Most businesses and many consumers own facsimile machines and Defendant targeted businesses and persons with facsimile machines.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
INCIDENTAL DAMAGES ARISING OUT OF TRANSMISSION
OF UNSOLICITED FAXES- 4



b.     There are questions of law or fact common to the National and Washington Classes, which predominate over any questions affecting individual members, including:

i.     Whether Defendant violated the TCPA, the Washington Unsolicited Fax Law, and the WCPA when sending unsolicited faxes in the form attached hereto or in a similar manner;

ii.     Whether facsimiles that are the same or similar to Exhibit A constitute "unsolicited advertisements" under the TCPA;

iii.     Whether facsimiles that are the same or similar to Exhibit A constitute "unsolicited . . . telefacsimile messages promoting goods and services for purchase by the recipient" under the Washington Unsolicited Fax Law;

iv.     Whether Plaintiff and members of the National Class are entitled to damages under the TCPA;

v.     Whether Plaintiff and members of the Washington Class are entitled to damages under the Washington Unsolicited Fax Law and the WCPA;

vi.     Whether Plaintiff and members of the National Class are entitled to treble damages under the TCPA;

vii.     Whether Plaintiff and members of the National Class are entitled to injunctive relief under the TCPA; and

viii.     Whether Plaintiff and members of the Washington Class are entitled to injunctive relief under the Washington Unsolicited Fax Law and the

WILLIAMSON
& WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

00010

WCPA.

c.      The claims asserted by Plaintiff are typical of the claims of the members of the National and Washington Classes and there is uniformity in the federal and state legislation prohibiting the practice complained of and providing statutory damages that may be pursued in State Court.

d.      Plaintiff will fairly and adequately protect the interests of the National and Washington Classes.  Plaintiff's claims are typical of the members of the Classes because they, as with all Class members, received one or more unsolicited faxes from Defendant. Plaintiff seeks no relief that is antagonistic or adverse to other members of the Classes.

e.      Plaintiff has retained counsel competent and experienced in class and consumer litigation, and has no conflict of interest with other National Class and Washington Class members in the maintenance of this class action.  In addition, Plaintiff had no relationship with Defendant.  Plaintiff will vigorously pursue the claims of the National and Washington Classes.

f.      Defendant has acted on grounds generally applicable to Plaintiff and the National and Washington Classes as alleged herein, thereby making appropriate final injunctive relief and incidental damages with respect to the Classes as a whole.

g.      A class action is superior to any other available means for the adjudication of this controversy.  This action will cause an orderly and expeditious administration of the National and Washington Classes' claims; economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

h.      Because the loss suffered by individual National and Washington Class

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
INCIDENTAL DAMAGES ARISING OUT OF TRANSMISSION
OF UNSOLICITED FAXES- 6



members may be relatively small, the expense and burden of individual litigation makes it

impracticable for the Class members individually to seek redress for the wrongs done to them.

Plaintiff believes that Class members, to the extent they are aware of their rights against

Defendant, would be unable to secure counsel to litigate their claims on an individual basis

because of the relatively small nature of the individual damages warranted and/or the value of

individual injunctive relief.  Hence, a class action is the only feasible means of recovery for

the Class members.  Furthermore, without a class action, Class members will continue to

suffer damages and Defendant will continue to violate federal and state law, retaining and

reaping the proceeds of its wrongful marketing practices.

      i.      Plaintiff does not anticipate any difficulty in management of this action

because the evidence proving Defendant's violation of the statutes is ascertainable through

discovery.  The identities of the Class members are known by Defendant, and damages can be

calculated from Defendant's records.  This action poses no unusual difficulties that would

impede its management by the Court as a class action.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### (47 U.S.C. § 227 *et seq.*)

      20.      Defendant used a telephone facsimile machine, computer, or other device to

send unsolicited advertisements to telephone facsimile machines, including telephone

facsimile machines owned by Plaintiff.

      21.      As a result of said conduct, Plaintiff and members of the National Class have

sustained damages.  Under the TCPA, Plaintiff and all members of the National Class are

entitled to injunctive and declaratory relief enjoining Defendant's unlawful conduct, as well

as incidental statutory damages.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
INCIDENTAL DAMAGES ARISING OUT OF TRANSMISSION
OF UNSOLICITED FAXES- 7



WILLIAMSON
& WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.wdandlaw.com

22.     As a result of said conduct, Plaintiff and members of the National Class suffered property damage, and Defendant has invaded the privacy interest of Plaintiff and members of the National Class.

## COUNT II

### VIOLATION OF THE WASHINGTON UNSOLICITED FAX LAW AND THE WCPA
### (RCW 80.36.540 & RCW 19.86.020)

23.     Defendant initiated the unsolicited transmission of facsimile messages promoting goods and services for purchase by Plaintiff and members of the Washington Class, in violation of the Washington Unsolicited Fax Law.

24.     Defendant initiated the unsolicited transmission of facsimile messages to Plaintiff and members of the Washington Class, with whom Defendant had no prior contractual or business relationship, removing their actions from the exception set forth in RCW 80.36.540(3)(a).

25.     As a result of said conduct, Plaintiff and members of the Washington Class have sustained damages.  Under the Washington Unsolicited Fax Law, Plaintiff and all members of the Washington Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as incidental statutory damages in the amount of $500, or treble that amount as determined by law.

26.     As a result of said conduct, Plaintiff and members of the Washington Class suffered property damage, and Defendant has invaded the privacy interest of Plaintiff and members of the Washington Class.

## COUNT III

### DECLARATORY RELIEF UNDER THE WASHINGTON DECLARATORY JUDGMENT ACT

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
INCIDENTAL DAMAGES ARISING OUT OF TRANSMISSION
OF UNSOLICITED FAXES- 8




187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.wslawslaw.com

00013

**(RCW 7.24.010)**

27.     Defendant used a telephone facsimile machine, computer, or other device to send advertisements to telephone facsimile machines, including telephone facsimile machines owned by Plaintiff.

28.     Defendant did not obtain "express invitation or consent" to send Plaintiff or members of the National Class the facsimiles at issue as required by the TCPA.

29.     Defendant did not have a "prior contractual or business relationship" with Plaintiff or any member of the Washington Class as those terms are defined in the Washington Unsolicited Fax Law.

30.     Plaintiff and members of the National Class are entitled to have their rights, status and legal relations under the TCPA relating to the Defendant's sending of facsimile advertisements established by this Court.

31.     Plaintiff and members of the Washington Class are entitled to have their rights, status and legal relations under the Washington Unsolicited Facsimile Act relating to the Defendant's sending of facsimile advertisements established by this Court.


## RELIEF SOUGHT

WHEREFORE, Plaintiff requests judgment against Defendant for themselves and the members of the National and Washington Classes as follows:

A.     Certification of the National and Washington Classes pursuant to CR 23(b)(2) or CR 23(b)(3);

B.     Granting extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will not continue to send unsolicited faxes;

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
INCIDENTAL DAMAGES ARISING OUT OF TRANSMISSION
OF UNSOLICITED FAXES- 9

WILLIAMSON
& WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

00014

C.    Judgment in the amount of $500 for Plaintiff and each member of the National and the Washington Classes for incidental statutory damages for each individual unsolicited fax received by them from Defendant;

D.    Judgment in the amount equal to three times the damages to Plaintiff and members of the National Class under the TCPA, and Washington Class under the WCPA;

E.    A Declaration that Defendant has violated the TCPA because it failed to obtain "express invitation or consent" to send the subject facsimiles to Plaintiff or the National Class;

F.    A Declaration that Defendant has violated the Washington Unsolicited Fax Act because it failed to obtain permission to send the fax and had no implied permission through a "prior contractual or business relationship" with Plaintiff or the Washington Class prior to sending the facsimiles at issue;

G.    Judgment for costs and fees incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs, as provided by law; and

H.    Granting such other and further relief as the Court deems just and proper.

I.    An Order holding Defendant liable for the damages awarded.

DATED this 8th day of May, 2010.

WILLIAMSON & WILLIAMS

By: _____
Kim Williams, WSBA #9077
Rob Williamson, WSBA # 11387
*Attorneys for Plaintiff and the Proposed Classes*

WILLIAMSON
& WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

00015

# EXHIBIT A



NATIONAL ACADEMY
OF CONTINUING
LEGAL EDUCATION

# Fax

**To:** Mark A. Claasen          **From:** Daniel Greenfeld

**Fax:** 206-227-0337          **Call:**

**Re:** FREE WA CLE CREDIT HOURS!   **Phone:** (866)466-2253 ext 107

## Special Limited Time Offer – 2 FREE CLE!

Please call now to receive your FREE CLE Credit Hours.

You will receive TWO (2) FREE CLE Ethics credit hours which help satisfy your 6
Ethics hour requirement!

We are the fastest and most convenient way to satisfy your CLE requirements.
Please visit us at www.nacle.com

### INSTANT ONLINE ACCESS AVAILABLE NOW!

Courses also available on CD-ROM or Audio CD at no extra charge! *shipping
charges do apply.

You can trust the National Academy with your CLE needs – All courses
provided in Washington are accredited by WA State Bar Association.

Choose any of our 3 pre-packaged WA CLE Bundles or customize your very own
bundle with any 22.5 credits you desire. Multiple attorney discounts available.

## Call CLE Manager, Daniel Greenfeld to order (866)466-2253
## ext 107 or visit us online at www.nacle.com

□ Check here if you do not wish to receive future faxes from NACLE. You may call us toll free at 866-466-2253 or fax your
request to 516-481-4172 We will promptly remove you from our list. Alternatively, you may also email your request to
Info@nacle.com

60 Hempstead Avenue, Suite 200, West Hempstead, NY 11552 Phone: 516-256-0505 or 866-GO-NACLE Fax: 516-481-4172 Email: Info@nacle.com Website: www.nacle.com



**NATIONAL ACADEMY**
OF CONTINUING LEGAL EDUCATION

# Washington State
# CLE Solution



**COURSES ONLINE!**
Inquire about FREE online access!

**ORDER TODAY!**

Complete your WA
Continuing Legal Education!

The National Academy of Continuing Legal Education offers unique technology which allows you to fulfill 22.5 credit hours of CLE through audio lectures that are provided to you on CD-ROM.* You don't have to connect to the Internet to listen. Just place the CD in your computer and start listening.

## ONE CD-ROM HAS IT ALL
Using a unique compression technology, we are able to provide you with 22.5 hours of CLE lectures that you need - on one disc. And our bundle even includes 6 credit hours of Ethics.

## ELECTRONIC COURSE DOCUMENTS
Valuable course notes and extra materials are just a click away. There is no need to cover your desk with papers and booklets. While you listen to your CLE lectures, you will see forms, cases and more - right on your screen. Print out what you need and save the rest for reference later.

## WORKS ON ANY PC
We built our CLE CD-ROM to work on any Windows based computer. No need to install special software or upgrade your computer. You can even take it with you and listen on your laptop while you travel.

## 100% SATISFACTION GUARANTEED
We will gladly refund your purchase if, for any reason, you do not use our product to complete your continuing education requirements.

*In addition to CD-ROM, lectures are also available on Audio CD and Audio Cassette.

### FEATURED COURSES

Complete Guide to Legal Ethics
**Credits: 5.0**

Employment Law From A to Z
**Credits: 6.5**

The Ins and Outs of Commercial Leases
**Credits: 5.5**

Workers' Compensation Law
**Credits: 5.5**

The Practice and Pitfalls of Internal Investigations and Their Role in White-Collar Prosecutions
**Credits: 6.5**

The 8 Greatest Estate Planning Techniques
**Credits: 5.75**

Taking and Defending Effective Depositions
**Credits: 5.25**

Rules of Evidence
**Credits: 5.25**

Immigration Law and Employer Compliance: A New Era for Employer Liability
**Credits: 6.0**

**CALL - Ask for Dan at x107**

# 1-866-466-2253

phone : 866-466-2253 · web : www.nacle.com

00018

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Clausen Law Firm | NO. 10-2-21857-2 SEA |
| VS | |
| National Academy of Continuing Legal | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(TTO) -**      TORT, NON-MOTOR VEHICLE

AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

00019

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Clausen Law Firm | NO.  10-2-21857-2     SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| Plaintiff(s) | |
| vs | |
| National Academy of Continuing Legal Education | ASSIGNED JUDGE  North          30 |
| | FILE DATE:               06/21/2010 |
| Defendant(s) | TRIAL DATE:            **12/05/2011** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

| | |
|---|---|
| Print Name | Sign Name |

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery
cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule.  The court will review the confirmation of joinder document to determine if a
hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (*ORSCS)                                    REV. 12/08    2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Mon 06/21/2010 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Mon 11/29/2010 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Mon 11/29/2010 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See *KCLCR 82(e)*] | Mon 12/13/2010 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | Tue 07/05/2011 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | Mon 08/15/2011 | |
| DEADLINE for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon 08/29/2011 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [*See KCLCR 40(d)(2)*]. | Mon 08/29/2011 | * |
| DEADLINE for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon 10/17/2011 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | Mon 11/07/2011 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | Mon 11/14/2011 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [*See KCLCR 16*] | Mon 11/14/2011 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon 11/21/2011 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Mon 11/28/2011 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 11/28/2011 | * |
| Trial Date [*See KCLCR 40*]. | Mon 12/05/2011 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   06/21/2010

_____

**PRESIDING JUDGE**

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

### CASE SCHEDULE AND REQUIREMENTS
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

### MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

**C.    Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_____

**PRESIDING JUDGE**