1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

THE CLAUSEN LAW FIRM, PLLC, on behalf
of itself and all others similarly situated,

9

Plaintiff,

10

v.

11

NATIONAL ACADEMY OF CONTINUING
LEGAL EDUCATION,

12

13

Defendant.

Case No. 10-cv-01023-JPD

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE
12(b)(1)

14

15

I.        INTRODUCTION AND SUMMARY CONCLUSION

16

On June 21, 2010, plaintiff Clausen Law Firm, PLLC ("Clausen") filed a complaint on its

17

behalf and on behalf of others similarly situated against defendant National Academy of

18

Continuing Legal Education ("NACLE"), alleging violations of the Telephone Consumer

19

Protection Act, 47 U.S.C. § 227, *et seq*., Washington Unsolicited Telefacsimile statute, RCW

20

80.36.540, and Washington Consumer Protection Act, RCW 19.86, *et. seq*.  On August 2, 2010,

21

NACLE tendered an offer of judgment pursuant to Fed. R. Civ. P. 68, which Clausen failed to

22

accept.  NACLE now seeks to dismiss the current action for lack of subject matter jurisdiction

23

pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that plaintiff's individual claims were mooted

ORDER
PAGE - 1

1   by plaintiff's failure to accept a complete offer of settlement tendered prior to class certification.

2   *See* Dkt. 14; Dkt. 18.  After careful consideration of defendant's motion, plaintiff's opposition,

3   defendant's reply, oral argument of counsel, and the balance of the record, the Court DENIES

4   defendant's motion to dismiss.

5                                     II.       BACKGROUND

6           The material facts relevant to defendant's motion to dismiss are undisputed.  Defendant

7   admits that on November 6, 2009, it sent a telefacsimile ("fax") to plaintiff advertising

8   defendant's educational materials and services.  *See* Dkt. 3 at 8, 17-18; Dkt. 11 at 8.  The parties

9   disagree on the issue of whether the fax was unsolicited.  *See* Dkt. 3 at 8; Dkt. 11 at 8; Dkt. 16 at

10  3; Dkt. 17 at 1 (Williamson Decl.).

11          On June 21, 2010, plaintiff commenced this action in the King County Superior Court in

12  its individual capacity and as a class representative on behalf of purported national and

13  Washington classes comprising "[a]ll persons and entities who received an unsolicited

14  advertisement from Defendant in a form substantially similar to" the fax received by plaintiff.

15  Dkt. 3 at 9.  Plaintiff alleges that by sending an unsolicited advertisement via fax to plaintiff and

16  others similarly situated, defendant violated the Telephone Consumer Protection Act ("TCPA"),

17  47 U.S.C. § 227, *et seq*., and the Washington Unsolicited Telefacsimile statute ("Fax Statute"),

18  RCW 80.36.540.  *See id*. at 6-8.  Plaintiff also asserts that a violation of the Fax Statute

19  constitutes a *per se* violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86,

20  *et. seq*.  *See id*. at 6-7.  The relief requested by plaintiff includes (1) incidental statutory damages

21  in the amount of $500, or treble that amount as determined by law, for each unsolicited fax

22  received by plaintiff and each member of the national class under the TCPA and each member of

23  the Washington class under the Fax Statute and CPA; (2) declaratory relief pursuant to the

Washington Declaratory Judgment Act ("DJA"), RCW 7.24.010, that defendant violated the TCPA and Fax Statute; (3) reasonable attorneys' fees and costs; and (4) "injunctive relief as permitted by law to ensure that Defendant will not continue to send unsolicited faxes." *Id*. at 14-15.  Defendant removed the case to this Court on the same day the complaint was filed, and filed its answer on June 30, 2010.  *See id*. at 1-2 (Garvey Decl.); Dkt. 11.  Plaintiff has not yet moved for certification of the two classes.

On August 2, 2010, approximately one-and-a-half months after the complaint was filed, defendant served plaintiff with an offer of judgment pursuant to Fed. R. Civ. P. 68 (the "Rule 68 Offer").[1]  *See* Dkt. 14 at 2; Dkt. 15, Ex. A.  The Rule 68 Offer included a total of $3,000 for incidental statutory damages, comprised of $500 trebled ($1500) per fax in violation of the TCPA, and $500 trebled ($1,500) per fax in violation of the Fax Statute and CPA.  *See* Dkt. 15, Ex. A at 1-2.  In addition, the Rule 68 Offer included "any and all reasonable attorneys' fees and costs allowable under law incurred by Plaintiff or its attorneys in this matter.  Plaintiff must move the Court for an award of such fees and costs."  *Id*. at 2.  It also offered "to allow the Court to enter an injunction that it will not send facsimiles that violate the TCPA or the Fax Statute," and included a catch-all provision asserting that defendant would "provide Plaintiff with any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims of Plaintiff in the lawsuit."  *Id*.  Defendant's Rule 68 Offer was "deemed withdrawn

---

[1] Federal Rule of Civil Procedure 68 provides, in pertinent part, that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment."  Fed. R. Civ. P. 68(a).

unless written notice of acceptance is received by the undersigned before 5:00 p.m. fourteen (14) days following the date that service of this Offer was received." *Id.*

Clausen failed to accept the Rule 68 Offer within the specified fourteen-day period. *See id.* at 1 (Degginger Decl.). On September 2, 2010, defendant filed the instant motion to dismiss, contending that as a result of plaintiff's failure to accept the offer, "Plaintiff no longer has a cognizable interest in the litigation, and its claims are moot." Dkt. 14 at 2; *see also* Dkt. 18. Because federal courts do not have subject matter jurisdiction over moot claims, NACLE argues this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. 14 at 1-2.

Plaintiff responds that NACLE's motion to dismiss is premature, because plaintiff has not had a reasonable opportunity to obtain discovery and move for class certification. *See* Dkt. 16 at 1. Local Rule CR 23(i)(3) of the Western District of Washington provides that a certification motion is due "within one hundred eighty days after the filing of the complaint in a class action, unless otherwise ordered by the court or provided by statute. . . ." Local Rules W.D. Wash. CR 23(i)(3). Pursuant to this Rule, plaintiff would have until December 21, 2010, to file its certification motion in this case.[2] *See* Dkt. 16 at 3. Plaintiff argues that defendant's "premature motion exemplifies the defense tactic, disapproved by the U.S. Supreme Court and others, of attempting to 'pick off' [named] class members so as to moot out a class action." *Id.* at 1.

At issue, therefore, is whether a proposed but uncertified class action should be dismissed for lack of federal subject matter jurisdiction following the lapse of a defendant's Rule 68 Offer of Judgment tendered approximately one-and-a-half months after the complaint was filed and before the deadline for filing motions for class certification. This issue has not been addressed

---

[2] The Scheduling Order in this case also directs counsel to this Rule. *See* Dkt. 13 at 2.

ORDER
PAGE - 4

1   directly by the U.S. Supreme Court or Ninth Circuit Court of Appeals, and federal courts in other

2   circuits have adopted conflicting approaches.

3                                     III.      JURISDICTION

4          Pursuant to 28 U.S.C. § 636(c), the parties have consented to this matter proceeding

5   before the undersigned United States Magistrate Judge.  *See* Dkt. 12 at 2.  Plaintiff is a law firm

6   located in Seattle, Washington.  *See* Dkt. 3 at 7.  Defendant is a New York corporation with its

7   principal place of business in West Hempstead, New York.  *See* Dkt. 11 at 2.  The Court has

8   personal jurisdiction over defendant because it has personally availed itself of the forum of

9   Washington state by conducting business in King County, Washington.  *See id*.  The Court has

10  subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over

11  plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  *See* Dkt. 3 at 7; Dkt. 11 at 2.  Venue

12  is proper under 28 U.S.C. § 1391(b).  *See* Dkt. 3 at 7.

13                                     IV.      DISCUSSION

14         A.  *Legal Standard Governing Rule 12(b)(1) Motions to Dismiss*

15         Subject matter jurisdiction cannot be waived and a federal court is under a continuing

16  duty to dismiss an action whenever it appears the court lacks jurisdiction.  Fed. R. Civ. P.

17  12(h)(3); *see also Snell v. Cleveland*, 316 F.3d 822, 826 (9th Cir. 2002).  When a defendant

18  moves to dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the

19  plaintiff bears the burden of proof on the necessary jurisdictional facts because the plaintiff is the

20  party invoking the court's jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

21  375, 377 (1994); *In re Ford Motor Co. and Citibank (South Dakota), N.A.*, 264 F.3d 952, 957

22  (9th Cir. 2001.  Unlike Rule 12(b)(6), the district court is not confined to the four corners of the

23  complaint, may consider other evidence properly before the court, and need not assume the

ORDER
PAGE - 5

truthfulness of the complaint.  *See Americopters, LLC v. FAA*, 441 F.3d 726, 732 n.4 (9th Cir.

2006).  Furthermore, the existence of disputed material facts will not preclude a trial court from

evaluating the merits of a challenge to subject matter jurisdiction.  *See Thornhill Pub. Co. v.*

*General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

      B.  *Defendant's Rule 68 Offer Of Judgment*

      As a threshold matter, the parties dispute whether the tendered Rule 68 Offer did, in fact,

offer plaintiff the complete relief requested.  *See* Dkt. 14 at 5-6; Dkt. 16 at 3-4; Dkt. 18 at 4-6.

Defendant asserts that its "Rule 68 offer . . . provided Plaintiff with all the relief requested, and

Plaintiff's failure to accept the Offer establishes that Plaintiff no longer has a cognizable interest

in this litigation."  Dkt. 18 at 1, 4-6; *see* Dkt. 14 at 5-6.  In contrast, plaintiff argues that

defendant's Rule 68 Offer did not provide complete relief, because it (1) imposed the burden of

moving for attorney fees and costs on plaintiff, (2) failed to describe what "other relief"

defendant would agree to in order to "fully satisfy all of the individual claims of Plaintiff in the

lawsuit," and (3) promised insufficient injunctive relief, in light of defendant's assertion that it

has not sent faxes that violated the TCPA, Fax Statute, or CPA.  Dkt. 16 at 3-4.

      Because the Court finds that defendant's motion to dismiss should be denied, it is

unnecessary at this time to resolve the issue of whether the defendant's Rule 68 Offer provided

plaintiff with complete relief.[3]  For the purpose of the discussion below, the Court assumes that

defendant's Rule 68 Offer did, in fact, provide complete relief as to plaintiff's individual claims.

      C.  *The Mootness Doctrine*

      Federal courts generally lack subject matter jurisdiction to consider moot claims.

*Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1172-

---

[3] During argument on the motion, plaintiff also asked the Court to assume for purposes of this motion that the Rule 68 Offer provided complete relief.

73 (9th Cir. 2009).  A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2, of the U.S. Constitution.  Specifically, mootness occurs "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996).  The latter situation is commonly referred to as the "personal-stake requirement," and it assures that "federal courts are presented with disputes they are capable of resolving" because they can afford the prevailing party meaningful relief.  *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1985).  Accordingly, if the plaintiff receives the entire relief sought in a particular action, the case generally becomes moot because there is no longer anything in dispute between the parties.  *See generally Gator.com v. L.L. Bean, Inc.*, 398 F.3d 1125, 1131-32 (9th Cir. 2005); *FERC*, 100 F.3d at 1458.

The U.S. Supreme Court has also recognized, however, that this general rule is riddled with exceptions, particularly in the class action context.  *See Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975).  Certification of a suit as a class action has important consequences, because certification is the time when "the class of unnamed persons described in the certification acquire[] a legal status separate from the interest asserted by [the named plaintiff]."  *Id.* at 399. As a result, certification "significantly affects the mootness determination."  *Id.*

For example, an entire action is generally not rendered moot if a named plaintiff's individual claims become moot *after* a class has been certified because the class members have acquired a personal stake in the outcome.  *See County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) ("It is true, of course, that the claims of the named plaintiffs have since been rendered moot . . . Our cases leave no doubt, however, that by obtaining class certification, plaintiffs preserved the merits of the controversy for our review.").  *See also Sosna*, 419 U.S. at 402

1    (providing that the case or controversy "may exist . . . between a named defendant and a member

2    of the class represented by the named plaintiff, even though the claim of the named plaintiff has

3    become moot.").

4         Similarly, the Supreme Court has held that a named plaintiff whose individual claims

5    were mooted has standing to appeal the denial of certification so long as he or she retains an

6    economic interest in spreading litigation costs and shifting fees and expenses to the other

7    litigants with similar claims.  *See Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 332

8    (1980) (holding that plaintiffs whose claims are satisfied through entry of judgment against them

9    despite their objections may appeal the denial of class certification); *Geraghty*, 445 U.S. at 397-

10   99 (holding that "an action brought on behalf of a class does not become moot upon expiration of

11   the named plaintiff's substantive claim, even though class certification has been denied.  The

12   proposed representative retains a personal stake in obtaining class certification sufficient to

13   assure that Article III values are not undermined.").  *See also United Airlines, Inc. v. McDonald*,

14   432 U.S. 385, 393-94 (1977) (providing that although judgment was entered on the merits in

15   favor of the named plaintiff, the named plaintiff was entitled to appeal a denial of class

16   certification).  In addition, whereas *Roper* and *Geraghty* addressed the issue of whether a named

17   plaintiff retained jurisdiction to appeal the denial of class certification following involuntary

18   settlement of his or her individual claims, the Ninth Circuit recently held that "when a class

19   representative *voluntarily* settles his or her individual claims, but specifically retains a personal

20   stake as identified by *Geraghty* and *Roper*, he or she [also] retains jurisdiction to appeal the

21   denial of class certification."  *Narouz v. Charter Communications, LLC*, 591 F.3d 1261, 1264

22   (9th Cir. 2010) (emphasis added).

23

1         Defendant correctly argues that, as a general proposition, when a named plaintiff's

2   individual claims become moot prior to class certification, the action becomes moot and must be

3   dismissed because the unnamed class members are not technically part of the action and

4   therefore no plaintiff can assert a cognizable claim against the defendant.  *See Board of Sch.*

5   *Com'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30 (1975) (per curiam); *Comer v.*

6   *Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994); *Rand v. Monsanto Co*., 926 F.2d 596, 598 (7th Cir.

7   1991).  Again, this is a general rule with exceptions involving so-called "inherently transitory"

8   claims, as discussed below, that can swallow that rule in certain circumstances.

9         Because the Ninth Circuit has not addressed the specific issue of the interplay between

10  Rule 23 and Rule 68 in the precertification setting, NACLE points to unreported decisions from

11  other courts declining to find an exception to the general mootness doctrine where a named

12  plaintiff's individual claims were mooted by an offer of complete relief prior to class

13  certification.  These courts have generally cited the fact that the Federal Rules of Civil Procedure

14  do not expressly limit the application of Rule 68 in the class action context, and proposed

15  amendments to make Rule 68 inapplicable to class actions were rejected in 1983 and 1984.  *See*

16  *Martin v. PPP, Inc*., 2010 WL 2572524, *4-5 (N.D. Ill. 2010) (observing that courts in the Third

17  and Seventh Circuits have adopted "conflicting rules" in this context, and holding that Rule 23

18  permits defendants to pick off plaintiffs one by one, so long as settlement offers are made prior

19  to the filing of the class certification motion); *Lucero v. Bureau of Collection Recovery, Inc*.,

20  2010 WL 2301142, *10-11 (D.N.M. 2010) (holding that a plaintiff's failure to accept a Rule 68

21  Offer of complete relief mooted the proposed class action, because policy makers have declined

22  to adopt a rule saying that Rule 68 cannot be used in an alleged class action); *Frascogna v.*

23  *Security Check*, LLC, 2009 WL 57102, *4 (S.D. Miss. 2009) (granting a defendant's motion to

ORDER
PAGE - 9

1   dismiss pursuant to Fed. R. Civ. P. 12(b)(1) because the "plaintiff lost standing before he ever

2   moved to amend or to certify a class" by rejecting the defendant's offer of complete relief under

3   Rule 68).

4           In contrast, Clausen cites to other decisions that have applied an exception to the

5   general mootness doctrine in order to prevent defendants from using Rule 68 as a sword to "pick

6   off" named plaintiffs before the court has had a reasonable opportunity to rule on the issue of

7   class certification.  This Court is persuaded by the latter approach, as it is more consistent with

8   the purpose of the class action mechanism, judicial economy, and relevant U.S. Supreme Court

9   precedent.

10          D.   *The Supreme Court Has Expressly Disapproved Of "Picking Off" Named Plaintiffs*
               *Of A Proposed Class Action*

11          The Supreme Court expressed concern in *Roper* that a defendant's ability to "pick off"

12   named plaintiffs by mooting their individual claims before class certification would frustrate the

13   purpose of class actions.  *See Roper*, 445 U.S. at 339.  Specifically, *Roper* involved a class action

14   brought by credit card holders challenging finance charges levied on their accounts and those of

15   similarly situated card holders.  *See id*. at 328-29.  After the district court denied their motion for

16   class certification, the bank tendered to each named plaintiff the maximum amount he would

17   have received individually.  *See id*. at 329.  Although the named plaintiffs refused the offer, the

18   district court, over the plaintiffs' objections, entered judgment in their favor and dismissed the

19   action as moot.  *See id*. at 330.  The Fifth Circuit Court of Appeals reversed, noting that "[t]he

20   notion that a defendant may short-circuit a class action by paying off the class representatives

21   either with their acquiescence or, as here, against their will, deserves short shrift.  Indeed, were it

22   so easy to end class actions, few would survive."  *Roper v. Consurve, Inc*., 578 F.2d 1106, 1110

23   (5th Cir. 1978).

ORDER
PAGE - 10

1    After granting certiorari, the Supreme Court rejected the bank's argument that the entire

2   case had been mooted by the individual offers, and held that the named plaintiffs retained an

3   individual interest in appealing the denial of class certification subsequent to the entry of

4   judgment in their favor, over their objections.  *See Roper*, 445 U.S. at 339-40.  The Supreme

5   Court asserted that although the class action mechanism may involve the potential for misuse, it

6   also plays a critical role in our justice system that should not be thwarted by defendants' attempts

7   to "pick off" representative plaintiffs:

8              A district court's ruling on the certification issue is often
               the most significant decision rendered in these class-action
9              proceedings.   To deny the right to appeal simply because the
               defendant has sought to "buy off" the individual private claims of
10             the named plaintiffs would be contrary to sound judicial
               administration.  Requiring multiple plaintiffs to bring separate
11             actions, which effectively could be 'picked off' by a defendant's
               tender of judgment before an affirmative ruling on class
12             certification could be obtained, obviously would frustrate the
               objectives of class actions; moreover it would invite waste of
13             judicial resources by stimulating successive suits brought by others
               claiming aggrievement.

14

15   *Id.* at 339.  *Cf. Russell v. United States of America*, 2009 WL 4050938, *5 (N.D. Cal. 2009)

16   (granting defendant's motion to dismiss after pointing out that the "scenario does not invoke the

17   policy concerns of a defendant targeting only the named plaintiffs to prevent a suit and frustrate

18   the objective of a class action.  Here, the United States, if it has picked off anything, has picked

19   off an entire lawsuit and not just an individual plaintiff.  The concerns of an involuntary

20   settlement being used to thwart a class action are not present under these circumstances.").  Thus,

21   although *Roper* did not reach the difficult question of "what, if any, are the named plaintiffs'

22   responsibilities to the putative class *prior* to certification," the Supreme Court expressly

23   disapproved the defense tactic of "picking off" named plaintiffs through a tender of judgment as

1   to their individual claims in order to prevent class certification.  *Roper*, 445 U.S. at 340 n.12

2   (emphasis in original).

3        E.  *The "Relation Back" Approach*

4        Several federal courts have applied the "relation back" approach set forth by the Supreme

5   Court in *Sosna v. Iowa* to preserve the merits of a case for class resolution despite the fact that a

6   named plaintiff's individual claims have become moot prior to certification.  *See Sosna*, 419 U.S.

7   at 402 n.11.  Specifically, this approach recognizes that in order to give effect to the purposes of

8   Rule 23 in certain circumstances, it is necessary to consider a motion for class certification as

9   "relating back" to the time the original class complaint was filed so that the putative class

10  representative retains standing to litigate the question of class certification even though his or her

11  individual claims have become moot.

12       In *Sosna*, the Supreme Court held that the "relation back" approach should be applied in

13  "cases in which the controversy involving the named plaintiffs is such that it becomes moot as to

14  them before the district court can reasonably be expected to rule on a certification motion.  In

15  such instances, whether the certification can be said to 'relate back' to the filing of the complaint

16  may depend upon the circumstances of the [particular case] and especially the reality of the

17  claim that otherwise the issue would evade review."  *Id.*  Relevant to this case, the Supreme

18  Court has found the "relation back" approach appropriate for claims that are "so inherently

19  transitory that the trial court will not have even enough time to rule on a motion for class

20  certification before the proposed representative's individual interest expires . . . In such cases, the

21  'relation back' doctrine is properly invoked to preserve the merits of the case for judicial

22  resolution."  *McLaughlin*, 500 U.S. at 52 (internal citations omitted).  As the Supreme Court

23  explained in *Geraghty*:

Although one might argue that *Sosna* contains at least an implication that the critical factor for Art[icle] III purposes is the timing of class certification, other cases, applying a "relation back" approach, clearly demonstrate that timing is not crucial. . . .

Some claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires. The Court considered this possibility in *Gerstein v. Pugh*, 420 U.S., at 110, n. 11, 95 S.Ct., at 861 n. 11. *Gerstein* was an action challenging pretrial detention conditions. The Court assumed that the named plaintiffs were no longer in custody awaiting trial at the time the trial court certified a class of pretrial detainees. There was no indication that the particular named plaintiffs might again be subject to pretrial detention. Nonetheless, the case was held not to be moot because . . . [it was] by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. . . .

*Geraghty*, 445 U.S. at 397-99.

As this exception to the general mootness doctrine is intensely factbound, it has been applied to prevent defendants from "picking off" named plaintiffs prior to class certification in varying contexts.  For example, some courts have applied the "relation back" approach if a timely filed motion for class certification is pending before the district court, but has not yet been ruled upon.  *See e.g.*, *Lusardi v. Xerox Corp.*, 975 F.2d 964, 975 (3d Cir. 1992) (noting exception to general mootness rule where district court did not have reasonable opportunity to consider pending certification motion); *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1045 (5th Cir. 1981) ("conclud[ing] that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least when, as here, there is pending before the district court a timely filed and diligently pursued motion for class certification."); *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 869-71 (7th Cir. 1978) (holding case not moot when class certification motion was pending before district court at time named

1    plaintiffs were tendered damages).  In contrast, other courts have held that only a motion to

2    certify the class filed within the Rule 68 offer period will avoid mootness.  *See Parker v. Risk*

3    *Mgmt. Alternative, Inc*., 204 F.R.D. 113, 115 (N.D. Ill. 2001).

4            Most relevant to this case, courts have applied the "relation back" approach even where a

5    plaintiff has not yet moved for class certification, if the Rule 68 Offer followed so closely on the

6    heels of the class complaint that the plaintiff did not have a reasonable opportunity to conduct

7    discovery and file a certification motion.  Significantly, this approach has not only been applied

8    in cases where the nature of a plaintiff's claims are "inherently transitory" in the sense that the

9    claims will naturally expire with the passage of time, but also where the claims are likely to

10   expire because it is financially feasible for a defendant to "buy off" the individual claims of

11   successive plaintiffs.  Thus, courts have applied the "relation back" approach to prevent

12   defendants from manipulating Rule 68 so as to render a named plaintiff's individual claims so

13   transitory that he or she could not realistically bring a motion for class certification before the

14   claims are mooted.

15            For example, in *Weiss v. Regal Collections*, the Third Circuit applied the "relation

16   back" approach to the claims of the named plaintiff who had not yet filed a motion for class

17   certification at the time he received a Rule 68 offer from the defendant.  The court found that

18   "[a]lthough Weiss's claims here at not 'inherently transitory' as a result of being time sensitive,

19   they are 'acutely susceptible to mootness' . . . in light of defendants' tactic of 'picking off' lead

20   plaintiffs with a Rule 68 offer to avoid a class action."  *Weiss v. Regal Collections*, 385 F.3d 337,

21   347 (3d Cir. 2004).  Because "the federal rules do not require certification motions to be filed

22   with the class complaint, nor do they require or encourage premature certification

23   determinations," the court found it "appropriate . . . that the class action process should be able to

ORDER
PAGE - 14

1    'play out' according to the directives of Rule 23 and should permit due deliberation by the

2    parties and the court on the class certification issues." *Id.* at 347-48.  Thus, "[a]s in *Roper*,

3    allowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less

4    than two months after the complaint is filed may undercut the viability of the class action

5    procedure, and frustrate the objectives of this procedural mechanism for aggregating small

6    claims. . . ." *Id.* at 344.  The Third Circuit held that "[a]bsent undue delay in filing a motion for

7    class certification . . . where a defendant makes a Rule 68 offer to an individual claim that has the

8    effect of mooting possible class relief asserted in the complaint, the appropriate course is to

9    relate the certification motion back to the filing of the class complaint." *Id.* at 348.  *Accord*

10   *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008) (holding that the

11   "relation back" approach applies to ensure that defendants cannot unilaterally "pick off" class

12   action representatives by paying the individual plaintiff's claim in full prior to class certification,

13   and acknowledging that "[o]ther courts have found that there must be some time for a plaintiff to

14   move to certify a collective action before a defendant can moot the claim through an offer of

15   judgment."); *White v. OSI Collection Services, Inc.*, 2001 WL 1590518,*4 n.7, *6 (E.D.N.Y.

16   2001) (declining to define "transitory" as necessarily "time-limited," and holding that where

17   statutory damages are capped "so no individual statutory damages claim is very large . . . it may

18   be financially feasible for the defendant to buy off successive plaintiffs in the hopes of

19   preventing certification.  It is in this sense that plaintiff's claim is acutely susceptible to

20   mootness, and thereby fairly characterized as transitory."); *Schaake v. Risk Mgmt. Alternatives,*

21   *Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001) ("Here, it is true no motion for class certification was

22   pending at the time defendant made its Rule 68 Offer of Judgment.  However, the complaint was

23   filed on May 23 . . . and the Rule 68 offer was made a mere 32 days later, well before plaintiff

ORDER
PAGE - 15

1    could be reasonably expected to file its class certification motion."); *Liles v. Am. Corrective*

2    *Counseling Servs., Inc*., 201 F.R.D. 452, 455 (S.D. Iowa 2001) (declining to dismiss a proposed

3    class action on mootness grounds following the defendant's tender of a Rule 68 Offer because

4    "[plaintiff] filed this action as a class action.  As such, she has assumed a responsibility to

5    members of the putative class and this Court has a special responsibility to protect their interests,

6    regardless of whether a motion for class certification has been filed.").

7         F.  *The "Relation Back" Approach Should Be Applied In This Case*

8         In this case, NACLE extended the Rule 68 Offer to Clausen approximately one-and-a-

9    half months after the proposed class complaint was filed, and four-and-a-half months before the

10   180-day period for moving for class certification expired.  *See* Dkt. 15, Ex. A.  Plaintiff contends

11   that under these circumstances, it "has not had a reasonable opportunity, as permitted by LR

12   23(i)(3), to obtain discover and move for class certification."  Dkt. 16 at 1.  Defendant has not

13   proffered any evidence in these proceedings that plaintiff has been dilatory in moving for class

14   certification.  *See* Dkt. 14; Dkt. 18.  Defendant also concedes that its Rule 68 Offer was

15   purposefully extended before plaintiff moved for class certification in order to moot plaintiff's

16   individual claims, because "the costs of litigating and defending against a class action are high.

17   Accordingly, NACLE made a thoughtful decision to offer Plaintiff the relief it requested,

18   because the relief is far less expensive than engaging in lengthy discovery, motion practice, and

19   protracted litigation."  Dkt. 18 at 3-4.  Although NACLE admits that the Supreme Court

20   cautioned against "picking off" named plaintiffs in the class action context in *Roper*, it maintains

21   that *Roper*'s disapproval of this defense tactic should not control the outcome of this case.  *See*

22   *id*. at 6 n.2.

23

ORDER
PAGE - 16

1    The Court concludes that this case involves the precise scenario as to which application

2    of the "relation back" approach is appropriate to prevent a defendant's Rule 68 offer from

3    thwarting a proposed class action.  Specifically, plaintiff's claims have been rendered "inherently

4    transitory" by defendant's purposeful attempt to "pick off" plaintiff's individual claims at this

5    early stage of the litigation in order to deprive plaintiff of a reasonable opportunity to bring a

6    timely class certification motion, as well as deny this Court an opportunity to consider such a

7    motion.  Indeed, it is apparently financially feasible, and even "far less expensive," for defendant

8    to "pick off" named plaintiffs in this action rather than allow the case to proceed to certification.

9    Dkt. 18 at 4.

10    Permitting defendant to defeat this proposed class action in this manner would invite

11    waste of judicial resources by "stimulating successive suits brought by others claiming

12    aggrievement."  *Roper*, 445 U.S. at 339.  Moreover, to obviate this tactic would require

13    successive plaintiffs to file their certification motions prematurely, at the same time as their class

14    complaint.  This process is inconsistent with the procedure set forth by Rule 23, which

15    contemplates that parties have a reasonable opportunity to conduct discovery and develop the

16    facts needed for a certification determination.  Specifically, Rule 23 directs that the court

17    determine whether to certify an action as a class action "at an early practicable time" after the

18    commencement of the action.  Fed. R. Civ. P. 23(c)(1)(A).  The Advisory Committee Notes to

19    the 2003 Amendments explain that the "early practicable time" language was specifically

20    adopted to replace the former "as soon as practicable" standard in order to allow for "the many

21    valid reasons that may justify deferring the initial certification decision . . . Time may be needed

22    to gather information necessary to make the certification decision."  Fed. R. Civ. P. 23(c)(1)

23    2003 Advisory Committee Notes.

ORDER
PAGE - 17

1    Thus, the Court declines to adopt an approach that would deny the plaintiff in this case,

2    as well as future plaintiffs, a reasonable opportunity to conduct discovery prior to moving for

3    class certification as contemplated by Rule 23 and Local Rule CR 23(i)(3).  Instead, the Court

4    will apply the "relation back" approach to prevent defendant from purposefully "picking off"

5    plaintiff's transitory claims through a Rule 68 Offer of Judgment before the Court has had an

6    opportunity to consider class certification.

7        G.   *Defendant's Arguments Regarding the Interplay Between Rule 68 and Rule 23*
             *Are Unpersuasive*

8    NACLE asks this Court to follow dicta from the Seventh Circuit in *Greisz v. Household*

9   *Bank*, and hold that irrespective of a plaintiff's diligence in moving for class certification,

10   a class action may be mooted by an offer of complete relief tendered to a named plaintiff before

11   a motion for class certification is filed.  *See* Dkt. 14 at 7.  Although *Greisz* involved an offer of

12   judgment tendered after the district court denied class certification, the court observed,

13
              We would have a different case if the bank had tried to buy
14            off Greisz with a settlement offer greater than her claim before the
              judge decided whether to certify the class.  For then Longo would
15            have had to find another named plaintiff to keep the suit alive, and
              if the defendants had bought off *that* plaintiff as well and had
16            repeated this tactic as Longo scrounged for a class representative,
              they might have hamstrung the suit.  The tactic is precluded by the
17            fact that before the class is certified, which is to say at a time when
              there are many potential party plaintiffs to the suit, an offer to one
18            is not an offer of the *entire* relief sought by the suit, *Alpern v.*
              *UtiliCorp United, Inc.*, *supra*, 84 F.3d 1525, 1539 (8th Cir. 1996);
19            *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 341, 100
              S.Ct. 1166, 63 L.Ed.2d 427 (1980) (concurring opinion), unless the
20            offer comes before class certification is sought, *Holstein v. City of*
              *Chicago*, *supra*, 29 F.3d at 1147, and so before the existence of
21            other potential plaintiffs has been announced.

22   176 F.3d 1012, 1015 (7th Cir. 1999).  *See also Wiesmueller v. Kosobucki*, 513 F.3d 784, 786 (7th

23   Cir. 2008).

ORDER
PAGE - 18

1    In addition, defendant cites *Lucero v. Bureau of Collection Recovery, Inc.*, a recent

2    unpublished decision from the District of New Mexico.  *See* Dkt. 18 at 2.   In *Lucero*, the court

3    considered whether to dismiss a putative class action on the grounds that the plaintiff no longer

4    had a personal stake in the outcome of the lawsuit following his failure to accept a Rule 68 Offer

5    of Judgment because no motion for class certification had been filed.  *See Lucero*, 2010 WL

6    2301142, *8.   The court concluded that "[b]ecause there is no class, Lucero's only legal interest

7    at the time the offer of judgment was made, and now, is in his own claim, and Lucero cannot

8    deny an offer which fully satisfies his claim and then maintain that he still has a personal stake in

9    the outcome of the lawsuit."  *Id.* at *10.   In dismissing the plaintiff's claim as moot, the *Lucero*

10   court held,

11               In the end, the Court does not have jurisdiction over a case
12        where no class has been certified but the defendant has satisfied
          the plaintiff's demand for relief.   Article III of the Constitution
13        requires that there be a case or controversy, and the Court does not
          believe it has the discretion to create exceptions from the
14        constitutional requirement to advance the purposes and utility of
          the class action device . . . Nor does the Court believe it is prudent,
15        in the name of public policy, to create by judicial ruling what the
          rules committee has declined to do.   The problem, if there is one, is
16        rather easily fixed, by saying that rule 68 cannot be used in an
          alleged class action, yet policy makers have declined to adopt that
17        rule.   There are good public policy reasons on both sides of the
          dispute.   There is a strong policy in favor of settlement of disputes.
18        Moreover, not all agree with the social utility and efficiency of
          class actions in all circumstances.   In any case, the Court does not
19        believe it should fashion a rule that is inconsistent with the plain
          language of the federal rules and violates Article III without clear
20        guidance from the policy makers and/or the higher courts.

21   *Id.* at *11.   *See also Martin*, 2010 WL 2572524, *2 (providing that in the class action context,

22   "an offer's effect depends on its timing: offers received before a motion for class certification is

23   filed moot the case, but offers received after the motion has been filed do not.").

ORDER
PAGE - 19

1    The Court has considered the cases cited by defendant, including *Lucero*, but adopts

2    instead the reasoning of courts that have rejected such holdings.  Specifically, these courts have

3    found that if the putative class representatives' claims could be mooted by a settlement offer

4    tendered before the certification motion is filed: (1) each side will endeavor to beat the other to

5    the punch, causing plaintiffs to prematurely file their certification motions in order to maintain

6    their claims without completing the class-related discovery necessary to develop the facts for

7    certification determinations, when Rule 23 specifically directs the timing of a class certification

8    motion to be filed "at an early practicable time"; (2) Rule 68 would essentially trump Rule 23,

9    enabling defendants to essentially "opt-out" of Rule 23, a result that is not contemplated by the

10   Rules; (3) multiple plaintiffs will be forced to bring successive suits in order to obtain redress,

11   thereby wasting judicial resources as courts resolve largely identical lawsuits; (4) the self

12   interests of the named plaintiff will be pitted against the interests of the class as a whole, as the

13   named plaintiff is forced to weigh their own interest in avoiding personal liability for costs under

14   Rule 68 against the potential recovery of the class.  *See Weiss*, 385 F.3d at 345-48; *Hrivnak v.*

15   *NCO Portfolio Management, Inc.*, 2010 WL 2812665, *10 (N.D. Ohio 2010).

16   Although the defendant is correct that "the plain purpose of Rule 68 is to encourage

17   settlement and avoid litigation," defendant has failed to identify any language in the Rules, or the

18   Advisory Committee Notes, encouraging parties to use Rule 68 as a means of obtaining

19   *involuntary* settlement, let alone circumventing the class action mechanism of Rule 23.  *Marek v.*

20   *Chesny*, 473 U.S. 1, 5 (1985).  The Court declines to adopt such an approach in this case, where

21   there is no evidence that Clausen has unduly delayed filing its certification motions.

22   Accordingly, when and if Clausen files a timely motion for class certification, it will

23   "relate back" to June 21, 2010, the date of the proposed class complaint.  *See* Dkt. 3, Ex. A.  If

this Court grants such a certification motion, then defendant's Rule 68 Offer as to plaintiff's individual claims will not render this action moot, as it will not fully satisfy the claims of the putative class members.

V.      CONCLUSION

For the reasons discussed above, the Court hereby ORDERS as follows:

(1)      Defendant's motion to dismiss pursuant to Rule 12(b)(1), Dkt. 14, is DENIED.

(2)      The Clerk is directed to send copies of this Order to counsel for all parties.

DATED this 2nd day of November, 2010.

_James P. Donohue_

JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE - 21