Honorable James P. Donohue

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| THE CLAUSEN FIRM, PLLC, on behalf of itself and all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) NATIONAL ACADEMY OF CONTINUING ) LEGAL EDUCATION, ) ) Defendant ) | CLASS ACTION<br><br>NO. 10-cv-01023 JPD<br><br>JOINT SUPPLEMENTAL BRIEF REGARDING REQUEST FOR VOLUNTARY DISMISSAL |

The parties hereby submit this additional briefing in support and explanation of their agreement to dismiss this action, as to Plaintiff only.

Plaintiff received a fax from Defendant which it believed was unsolicited and in violation of both state and federal laws relating to the transmission of unsolicited facsimile advertisements, and filed this action. Thereafter Defendant filed a motion to dismiss based on the grounds that it had made an offer of judgment which fully satisfied Plaintiff's claims. This Court denied that motion. Further investigation and documentation provided by Defendant's counsel has demonstrated that the Defendant has no applicable insurance to respond to a judgment, nor sufficient assets. Further, while Plaintiff disputes this claim, Defendant alleged that it obtained prior permission, by telephone, from Plaintiff to transmit the facsimile in question and that it was its policy always to seek such permission before sending the type of facsimile at issue in this case (See Declaration of Grant Degginger filed in support of this brief).

JOINT SUPPLMENT BRIEF REGARDING REQUEST FOR
VOLUNTARY DISMISSAL - 1
(NO. 10-cv-01023 JPD)



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

The parties requested dismissal of this matter by way of a joint stipulation. While not stated expressly, it was the intention of the parties that the dismissal act only as to Plaintiff in this case, and the claims of the putative class were to be dismissed without prejudice. This Court is quite correct that a dismissal of a class action must take into account the rights and claims of absent class members.

In the present case, dismissal is being sought at the outset of the litigation. The dismissal of class actions is governed by FRCP 23(e) which states:

> **(e) Settlement, Voluntary Dismissal, or Compromise.** The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

The class was not certified in this case. There will be no prejudice to absent class members by dismissing without notice. This is particularly true because absent class members have not relied on this action to pursue their claims, and they have sufficient time to file their own action, if they should so choose to, prior to the expiration of the statute of limitation.

JOINT SUPPLMENT BRIEF REGARDING REQUEST FOR
VOLUNTARY DISMISSAL - 2
(NO. 10-cv-01023 JPD)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

The dismissal of a pre-certification class action can occur without notice, provided there is no prejudice to the absent class members. *See Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1409 (9th Cir. 1989); *Austin v. Pennsylvania Dep't of Corr.*, 876 F. Supp. 1437, 1455 (E.D. Pa. 1995); *Larkin Gen. Hosp., Ltd. v. Am. Tel. & Tel. Co.*, 93 F.R.D. 497 (E.D. Pa. 1982). In *Diaz*, the Ninth Circuit explained the rationale between requiring notice after certification, but not prior to certification, stating:

> The court's duty to inquire into a settlement or dismissal differs before and after certification. Before certification, the dismissal is not *res judicata* against the absent class members and the court does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class.

*Diaz* at 1408.

The Ninth Circuit further enunciated factors to be analyzed when determining whether prejudice to the absent class members may occur from the dismissal. The *Diaz* court stated that a court should inquire about possible prejudice by reviewing:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances,
>
> (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations,
>
> (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Diaz* at 1408 (internal citations omitted).

Based upon the factors listed above, absent class members would not be prejudiced by dismissing the present case without notice. First, absent putative class members have not relied on this litigation. There has been no publicity regarding the filing of this case. Second, class members have sufficient time to file their own action if they should choose to do so. The facsimile at issue was sent on November 6, 2009. The statute of limitation for pursuing claims involving an unsolicited facsimile is four years. 28 U.S.C. §1658. Additionally, the private right of action under the TCPA, 47 U.S.C. §227(b)(1)(3), is brought pursuant to state laws. The

JOINT SUPPLMENT BRIEF REGARDING REQUEST FOR
VOLUNTARY DISMISSAL - 3
(NO. 10-cv-01023 JPD)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

statute of limitation for violations of the Washington Consumer Protection Act ("WCPA") is four years. RCW 19.86.120. Finally, the Supreme Court held that a filing of a class action tolls the statute of limitations on all individual claims covered by the class action. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 561, 94 S.Ct. 756 (1974). Therefore, the date the statute of limitations would run is November 6, 2013, more than two years from the present date, and may be extended under the tolling of the statute of limitation during the pendency of the present action.

Accordingly the parties request that the action be dismissed with prejudice as to Plaintiff only and that the order expressly provide that the dismissal is without prejudice as to the putative or absent class members.

DATED: February 17, 2011

| | |
|---|---|
| WILLIAMSON & WILLIAMS | LANE POWELL PC |
| By  /s/ Rob Williamson | By   /s/ Grant Degginger |
| Rob Williamson, WSBA #11387 | Grant Degginger, WSBA #15261 |
| Attorney for Plaintiff | Attorney for Defendant |



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com